UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JORGE CRUZ, | ) | |
|                 Petitioner, | ) | |
| v. | ) | No. 2:16-cv-00371-JMS-MPB |
| | ) | |
| S. JULIAN, Warden, | ) | |
|  Facility, | ) | |
|                 Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

The petition for writ of habeas corpus of Jorge Cruz, a federal inmate, challenging the Federal Bureau of Prisons' ("BOP") computation of his good time credit ("GTC") is denied and this action is dismissed with prejudice.

Cruz was formerly confined in this District and challenges the BOP's computation of his GTC. Cruz alleges that he has not received credit toward his federal sentence from October 3, 1990 through November 15, 1990 and that his sentence has not been properly adjusted for GTC earned on the portion of his sentence he has actually served. These contentions, however, are flawed. The pleadings and the expanded record show the following pertinent facts:

On October 2, 1990, Cruz was sentenced in the United States District Court for the District of South Carolina in No. 89-210 to an aggregate term of 360-months imprisonment. This sentence was subsequently reduced to 292 months. The BOP calculated Cruz's sentence to begin on October 3, 1990. Cruz has been given prior custody credit from July 26, 1989 through October 2, 1990. This corresponded to the 434 days Cruz was in custody from the date of his arrest until the date sentence was imposed.

On May 5, 1995, Cruz was sentenced in No. CR 2:93-0267 to an aggregate term of 96-months of imprisonment, to be served consecutively to his sentence in No. 89-210.

Based on the foregoing, Cruz is now serving the revised aggregate term of 388 months. The BOP considers this sentence to have commenced on October 3, 1990. *See* 18 U.S.C. § 3585(a) (providing that a federal sentence commences "on the date when the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."). As previously noted, Cruz has been given prior custody credit from July 26, 1989 through October 2, 1990.

Cruz states that he was arrested on July 26, 1989, but that he was not in custody "until his conviction, sentence, and arrival in BOP on November 15, 1990." It is true that Cruz was not awarded prior custody credit for the period of time after October 2, 1990, but it is also true that he received service credit from that date forward—this being first credit toward service of the sentence in No. 89-210 and subsequently toward service of the aggregated sentence after the imposition of sentence in No. CR 2:93-0267.

This leaves for resolution whether Cruz's GTC has been properly calculated and whether adjustments to that total have been accurately made.

The BOP interprets 18 U.S.C. § 3624(b)(1) to award inmates 54 days of GTC for each year the inmate serves in prison and to prorate the amount of GTC for the last partial year. *See* 28 C.F.R. § 523.20. The BOP's formula for calculating GTC is set forth in BOP Program Statement 5880.28 of the Sentence Computation Manual. Program Statement 5884.02 declares an inmate will receive 54 days of credit for each year served (pro-rated when the time served by the inmate for the sentence during the year is less than a full year). The BOP's method of calculating GTC was upheld in *Barber v. Thomas*, 560 U.S. 474 (2010). Program Statement 5270.09 (August 1, 2011)

allows the BOP to impose sanctions on inmates who commit prohibited acts, these being (1) sanctions of 27 days of forfeited GTC on February 12, 2002, (2) sanctions of 14 days of forfeited GTC on June 3, 2004, and (3) sanctions of 40 days of forfeited GTC on March 4, 2010.

The computation of GTC is this: Commencing July 26, 1989 and for the ensuing 28 annual anniversaries of that date (through July 26, 2017), Cruz could have been expected to earn 1512 days of GTC. For the period from July 26, 2017 through December 6, 2017, Cruz can be expected to earn 19 days of GTC. These total 1,531 days of GTC. From this total must be subtracted the 81 days of GTC forfeited as the result of misconduct. The balance of projected GTC, extending through Cruz's Statutory Release Date of December 6, 2017, is 1450 days. This date is projected rather than actual because it is conceivable that Cruz will once again suffer the loss of GTC through the violation of prison rules and Program Statement 5270.09.

In considering an inmate's application for habeas relief, the Court must determine whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges,* 423 U.S. 19, 21 (1975). For the reasons explained above, Cruz has failed to meet his burden of showing such infirmity and his petition for writ of habeas corpus is therefore **denied.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/28/2017

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JORGE CRUZ
85722-011
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov